UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY M.,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**
19-CV-6708S

1. Plaintiff Kimberly M.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since October 9, 2014, due to mental and physical conditions. Plaintiff maintains that she is entitled to disability benefits because her impairments render her unable to work.

2. Plaintiff filed an application for disability benefits on December 1, 2015. After denial at the agency level, Plaintiff proceeded to a hearing, which took place before ALJ Eric Eklund via videoconference on May 10, 2018. At the time of the hearing, Plaintiff was 56 years old, with at least a high school education, and had past relevant work as a production machine tender, childcare worker, and head cashier. The ALJ considered the case *de novo* and, on October 2, 2018, issued a written decision denying Plaintiff's application for benefits. The Appeals Council thereafter denied Plaintiff's request for review on August 5, 2019.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

3. Plaintiff filed the current action on September 24, 2019, challenging the Commissioner's final decision.[2] After filing of the administrative record, Plaintiff moved for summary judgment[3] and the Commissioner moved for judgment on the pleadings, with briefing concluded on July 12, 2020. (Docket Nos. 8, 11, 16, 17.) The Clerk of Court assigned the case here on June 11, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 19.) For the following reasons, Plaintiff's motion will be granted, Defendant's motion will be denied, and this matter will be remanded to the Commissioner for further proceedings.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405 (g).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See

---

[2] The ALJ's October 2, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[3] Consistent with the practice in this district, and because the summary-judgment and judgment-on-the-pleadings standards are substantially similar, this Court considers Plaintiff's motion under Rule 12 (c) of the Federal Rules of Civil Procedure.

2

Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 404.1520. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since October 9, 2014, the alleged onset date (R. at 41);[4] (2) Plaintiff's depression, post-traumatic stress disorder, and personality disorder are severe impairments within the meaning of the Act (R. at 42); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 42-43); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with limitations consisting of simple, unskilled work in a low stress job, with only occasional decision-making and only

---

[4] Citations to the underlying administrative record are designated as "R."

6

occasional changes in the work setting, and only occasional interaction with the public, co-workers and supervisors (R. at 43-46); (5) Plaintiff could not perform her past relevant work (R. at 46-47); but (6) Plaintiff could perform jobs that exist in significant number in the national economy, including hand packager, dishwasher, and merchandise marker (R. at 47-48). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from October 9, 2014, through October 2, 2018, the date of the decision. (R. at 40, 48.)

13. Plaintiff lodges a single challenge to the ALJ's decision. She argues that the ALJ erred by not fully considering or resolving her post-hearing, written objections and rebuttal to the Vocational Expert's testimony, upon which the ALJ relied for purposes of his Step 5 findings. The Commissioner argues that the ALJ's treatment of Plaintiff's objections and rebuttal was sufficient and free from error. Having weighed the parties' positions, this Court agrees with Plaintiff that remand is necessary for the ALJ to properly explain his consideration of her objections and rebuttal evidence.

14. Vocational Expert Lynn Paulson testified at the hearing concerning the vocational requirements of Plaintiff's past relevant work and the availability in the national economy of jobs that a hypothetical person, as described by the ALJ, could perform. (R. at 96, 99-104.) Plaintiff briefly objected to Paulson's testimony during the hearing, specifically to her "qualifications to give job numbers testimony as they exist in the national economy," and submitted post-hearing rebuttal evidence and expanded written objections to Paulson's qualifications and testimony. (R. at 95, 319-46.)

15. In his written decision, the ALJ addressed only Plaintiff's objection to Paulson's qualifications, writing as follows: "The claimant, through her representative,

7

objected to the qualifications of the vocational expert to give job numbers testimony as they exist in the national capacity [sic]. The objection is overruled. Based on the vocational expert's resume contained in the file, I find that the claimant is sufficiently qualified to offer testimony in this case (Ex. 7E)." (R. at 48.) The ALJ then proceeded to further explain his ruling concerning Paulson's qualifications. Id. The Commissioner argues that this passage from the ALJ's decision sufficiently resolved all of Plaintiff's objections. This Court is unpersuaded.

16. From this Court's reading of the ALJ's decision, it is apparent that he resolved only the brief objection voiced by Plaintiff's attorney at the hearing and never considered Plaintiff's post-hearing submission. First, the ALJ described the objection before him as almost verbatim the oral objection made by counsel. Compare R. at 95 ("[W]e do object to her qualifications to give job numbers testimony as they exist in the national economy.") with R. at 48 ("The claimant . . . objected to the qualifications of the vocational expert to give job numbers testimony as they exist in the national capacity [sic]."). Second, the ALJ did not address or resolve the additional objections contained in Plaintiff's written submission—that Paulson's opinions are unreliable and that the jobs she identified at the hearing are no longer performed at the unskilled level. (R. at 319-22.) Third, the ALJ did not address or resolve Plaintiff's request for the documents underlying Paulson's opinion or her request for a hearing. (R. at 323-25.) Fourth, the ALJ did not consider or discuss Plaintiff's rebuttal evidence. (R. at 327-31.) This Court therefore concludes that the ALJ was either unaware of Plaintiff's post-hearing submission or neglected to consider it.

17. An ALJ is statutorily required to consider all evidence in a claimant's case file. See 42 U.S.C. § 423 (d)(5)(B) (requiring the Commissioner to "consider all evidence available in [a claimant's] case file" in determining entitlement to benefits); see also 20 C.F.R. § 404.953 (a) ("The administrative law judge must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record."). And a claimant is entitled to review and respond to a vocational expert's hearing testimony. See Social Security Ruling 96-9p, 1996 WL 374185, at *9 n. 8 (S.S.A. July 2, 1996) ("Whenever a [vocational expert] is used, the individual has the right to review and respond to the [vocational expert] evidence prior to the issuance of a decision."). Here, for whatever reason, the ALJ was unaware of or failed to consider Plaintiff's post-hearing submission, which included detailed objections to the vocational testimony, rebuttal evidence, and requests for discovery and a hearing. In light of the Commissioner's obligation to consider all evidence, this oversight requires remand.[5]

18. Moreover, to the extent that it could be found that the ALJ did in fact consider Plaintiff's post-hearing submission, his abbreviated discussion of only one of Plaintiff's objections constitutes an inadequate decision that stymies meaningful review. Nowhere does the ALJ make findings concerning the majority of issues raised in Plaintiff's post-hearing submission. While it is "not require[d] that [an ALJ] have mentioned every

---

[5] The Commissioner's reliance on Brault is misplaced for two reasons. First, Brault presented each of his objections to the vocational expert testimony before the ALJ at the hearing, which caused the Second Circuit to conclude that he had "a full opportunity to explain his objections in significant detail." Brault, 683 F.3d at 451. Here, although Plaintiff had the opportunity to submit his objections, there is no indication that the ALJ fully or fairly considered them because there is no discussion of them whatsoever in the decision. Second, the Second Circuit was satisfied that the ALJ had considered and denied Brault's objections, despite not articulating his consideration of them, because they were presented at the hearing and the ALJ's denial of them was implicit in his acceptance of the vocational expert's testimony. See id. at 448. Such a finding of implicit denial is not appropriate here, where the denial relates to only one of multiple objections, and nothing suggests that the ALJ was even aware of the post-hearing submission.

9

item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability," Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983), an ALJ must nonetheless "explain the bases for his findings with sufficient specificity to permit meaningful review," Sewar v. Berryhill, 17-CV-6211L, 2018 WL 3569934, at *2 (W.D.N.Y. July 25, 2018). See also Pamela P. v. Saul, 3:19-CV-575 (DJS), 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020) (discussing ALJ's obligation to "provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings"). Here, even assuming that the ALJ considered Plaintiff's post-hearing submission, his cabined discussion of only a single issue frustrates this Court's review and therefore requires remand. See Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (finding that remand may be appropriate where the ALJ's analysis frustrates meaningful review).

19.  Accordingly, after carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent with this decision.


IT HEREBY IS ORDERED, that Plaintiff's motion (Docket No. 11) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: July 6, 2020
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge